**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Elwood MILLER,
Defendant-Appellant.**

No. 78–2735.

United States Court of Appeals,
Ninth Circuit.

Aug. 29, 1979.

Eugene R. Bracamonte, Asst. U. S. Atty., Tucson, Ariz. (argued), for plaintiff-appellee.

Stanton Bloom (argued), Tucson, Ariz., for defendant-appellant.

Before ELY and SNEED, Circuit Judges, and TAKASUGI *, District Judge.

SNEED, Circuit Judge:

Appellant was tried before a jury and convicted of numerous counts arising from his purchase and sale of firearms. Specifically, he was convicted of one count of selling firearms without a license, 18 U.S.C. § 922(a)(1), three counts of being a felon in possession of a firearm, 18 U.S.C. App. § 1202(a)(1), ten counts charging him as a felon receiver of a firearm, 18 U.S.C. § 922(h)(1), and five counts of making false statements on firearm forms, 18 U.S.C. § 922(a)(6).

Appellant appeals on numerous grounds, all of which, save one, we shall not discuss.

The one we do consider is that the trial court erred in failing to instruct the jury on the issue of the voluntariness of appellant's statements made to government agents subsequent to his arrest as is required by 18 U.S.C. § 3501. The United States admits that the failure was error. It insists, however, that it was harmless.

The issue is a close one, but, on balance, we believe the error was not harmless. There was considerable dispute about whether the statements were voluntary and, while we are not prepared to conclude as a matter of law that they were not, we think the dispute underscores the necessity of the statutorily required instruction. Moreover, we believe that neglecting a statutory requirement should diminish our enthusiasm to invoke the harmless error doctrine. No exception reading "except when voluntariness appears beyond a reasonable doubt" appears in the statute's command that the jury be instructed "to give such weight to the confession as the jury feels it deserves under all the circumstances . . ."

Finally, our reluctance to invoke the harmless error doctrine is reinforced by the existence of serious questions with respect to whether the government has pyramided its charges making possible the very heavy sentence imposed on the appellant. In striking the balance that the scales of justice require, it is not improper to place thereon serious but unresolved issues raised by the appellant.

Therefore, we reverse appellant's convictions with respect to all counts.

REVERSED.

---

* Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.